OPINION of the Court, by
Judge Owsley.
This Was an action of covenant, brought by Beauchamp upon a deed executed by Ewing in his lifetime.
The administrator pleaded ten several pleas, and Beauchamp having filed his replications, the administrator demurred to one of the replications; and the demurrer being sustained, leave was obtained by Beau-champ to amend his replication ; whereupon the admi- *497 histrator demanded a contimiancq of the cause, but the Court refused a continuance: and the first question we shall notice is, should the cause have been continued ?
If the amendment made to the replication was in matter of substance, according to the plain import of the act of 1810 (sessiort^cts 144) the cause should have been continued j but w‘e are of opinion the amendment was not material: for the plea to which it is a response most clearly furnishes no legitimate defence to the action, arid consequently any replication which might be made cannot involve a material inquiry. The amendment, therefore, as it is responsive to an invalid plea, was not material, and as such did hot give a good cause of continuance.
Issues having been made up on the several pleas, a trial was had, and the jury returned a verdict that the intestate Ewing had not in his lifetime, nor his administrator since, performed the covenant in the declara-, tion mentioned, and assessed damages to the amount of ⅜154 ; but they also found that the administrator had no assets; whereupon the court rendered judgment ip favor of Beauchamp for the damages assessed, to be levied of the estate which Should thereafter come to the hands of the administrator tó be administered.
It is objected by the assignmént of errors, that the finding of the jury is not sufficiently responsive to all the issues ; and hence it is contended that a venire dé novo should have been awarded.
The verdict does not,.it is true, respond to the eighth issue ; but as that is an issue, to á replication of nul tiel record^ it is plain the jury could not regulárlytry it: and hence a venire dé novo for that purpose should not issue.
With respect to the other issues, we aré of opinion the verdict is Substantially good. It contains a direct answer to such of the issues as relate to the sufficiency of assets; and as the other issues aré made up to pleas- go-* ing to a total defeat of Beauchamp’s right of recovery, the verdict, by assessing damages in his favor, contains, although not in express terms, yet substantially, a response to those pleas. -
The eighth plea above alluded to contains an allegation of an outstanding judgment against the estate of Ewing; and it is objected by the assignment of errors, that the judgment in favor of Beauchamp ought to have *498 been so rendered as to give the outstanding judgment a priority in payment out of the assets which should come to the hands of the administrator to be administered. -
Before such a judgment could upon any principle be rendered, ij was certainly incumbent on the administrator to show the existence of the outstanding judgment. In this he has however totally failed. He has, it is true, shown an issue involving the fact, but no decision of the fact in his favor is apparent from the record.
If it be said the court erred in not deciding on the. issue of mil tí el record involving the fact, it is answered, that is a point not made by the assignment of errors, and of which this court cannot now inquire.
It is also objected that the court erred in admitting evidence and giviuginstructions to the jury.
By the covenant upon which this suit is brought, Ewing, in case of his failure to deliver the place mentioned in the writing, agreed to pay customary rent; and upon the trial, as is supposed, for the purpose of ascertaining the amount of damages, the court permitted Beauchamp to prove the reasonable cash rent of land in the neighborhood of the place mentioned. To this evidence no solid objection is perceived, and vve think it v as property admitted by the court.
With respect to the instructions complained of, as they relate to an immaterial issue growing out of a defective plea on the part of the plaintiff in error, whether correct or not we have not thought material to consider.
The judgment must be affirmed with costs.